United States District Court
Southern District of Texas
ENTERED
August 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-23-415-02 |
| | § | |
| LASHONDRIA SIMPSON-CAMP, M.D., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

On May 8, 2026, the court entered a Memorandum Opinion and Order denying Defendant's Motion to Sever (Docket Entry No. 98). Pending before the court is Dr. Lashondria Camp's Amended Motion to Reconsider Order Denying her Motion to Sever ("Defendant's Motion to Reconsider") (Docket Entry No. 106). The United States has filed its Response in Opposition to Defendant Dr. Lashondria Simpson-Camp's Amended Motion to Reconsider ("Government's Response") (Docket Entry No. 115). Defendant has filed her Reply to the United States' Response in Opposition to her Amended Motion to Reconsider the Order Denying Severance ("Defendant's Reply") (Docket Entry No. 120).

"While the Federal Rules of Criminal Procedure do not provide for a motion for reconsideration, . . . the Supreme Court has 'concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits.'" United States v. E.I. Du Pont De Nemours and Co., 622 F.Supp.3d 460, 467 (S.D. Tex. 2022) (quoting United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010)). In the civil context, "Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[] at any time' 'any

order or other decision . . . [that] does not end the action.'" Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" Id. (quoting Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)). "[Al]though the Rule 54(b) standard is less exacting, courts still look to the standards applied to Rule 59(e) for guidance." Rodriguez v. Morales, CIVIL ACTION NO. 5:26-CV-14, 2026 WL 2001137, at *1 (S.D. Tex. Feb. 12, 2026). To prevail on a Rule 59(e) motion for reconsideration, a movant must show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." In re Benjamin Moore & Co., 318 F.3d 626, 629 (5th Cir. 2002).

Defendant argues that severance is necessary under Rule 8(b) of the Federal Rules of Civil Procedure.[1] But in her Motion to Reconsider and Reply, Defendant simply reasserts the same arguments that the court considered when it initially ruled on the motion to sever. Defendant raises no new point of law or fact that would justify reconsideration or severance. Although Defendant has cited additional authorities or otherwise fleshed out her arguments, "these changes fail to convince the court that justice requires a different result." United States v. Bruhl-Daniels, Criminal Action H-18-199-5, 2020 WL 7632258, at *2 (S.D. Tex. Dec. 21, 2020).

Defendant also argues that severance is necessary under Rule 14(a) of the Federal Rules of Criminal Procedure because (1) the jury will hear evidence about her twin sister, who is allegedly at the center of the conspiracy, and (2) Defendant will be subjected to a three to four week trial

[1]Defendant's Motion to Reconsider, Docket Entry No. 106, pp. 9–15. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

despite only providing fourteen percent of the total money paid out by FECA and beginning her role much later than the other alleged co-conspirators.[2] When defendants have been properly "joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 113 S. Ct. 933, 938 (1993). The Fifth Circuit has made it clear "that persons indicted together should be tried together, especially in conspiracy cases." United States v. Pofahl, 990 F.2d 1456, 1483 (5th Cir. 1993).

Defendant has not shown compelling prejudice under Rule 14. Severance would not cure the fact that Defendant's twin sister is allegedly at the center of the conspiracy. In any trial of Defendant, the jury will hear extensive evidence "about Shalondria Simpson, her pharmacies, her payments to [Defendant], and their email correspondence."[3] "[L]ess drastic measures, such as limiting instructions, . . . will suffice to cure any risk of prejudice." Zafiro, 113 S. Ct. at 938. Moreover, although Defendant allegedly only provided fourteen percent of the total money paid out by FECA and joined the conspiracy at a later date than her co-conspirators, "[s]everance is required on the basis of disparity of the evidence only in the most extreme cases." United States v. Causey, No. CRIM. H-040-025, 2004 WL 2414438, at *9 (S.D. Tex. Oct. 19, 2004) (Lake, J.). Finally, requiring Defendant to be tried in a three to four week trial with her co-conspirators does not establish prejudice. Requiring the Government to duplicate the presentation of "the DOL-OWCP and FECA program witness, the claims data, the evidence of the pre-printed pads and the selection of high-reimbursing drugs, financial records and analysis, and the full evidence of the Defendant-

---

[2] Id. at 16–19.

[3] Government's Response, Docket Entry No. 115, p. 9.

Simpson relationship," would weigh heavily against the Government's interest in the economy of judicial administration.[4] United States v. Age, 136 F.4th 193, 247 (5th Cir. 2025) ("[F]our co-defendants are charged of being part of the same conspiracy, and of committing criminal acts in tandem at the same time. Given the facts, this is not a case fit for severance."); see also United States v. Posada-Rios, 158 F.3d 832, 865 (5th Cir. 1998) (denying severance in a far more complex prosecution that involved a 52-count, 35-defendant indictment). As the Government properly explained in its Response, "[a] properly instructed jury will have no difficulty determining which defendant is alleged to have done what."[5]

Having considered Defendant's Motion to Reconsider, the Government's Response, Defendant's Reply, and the applicable law, the court is not persuaded that it should reconsider its Memorandum Opinion and Order denying Defendant's motion to sever. Accordingly, Dr. Lashondria Camp's Amended Motion to Reconsider Order Denying Her Motion to Sever (Docket Entry No. 106) is **DENIED**.

**SIGNED** at Houston, Texas, on this the 18th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[4]Id. at 11.

[5]Id. at 10.